## COTTON v. McCLURE.

1. The evidence was not of such character as to authorize the direction of a verdict.
2. No ruling is made on other assignments of error which are not likely to occur on another trial.

Decided February 16, 1910.

Claim. Before Judge Fite. Milton superior court. August 21, 1908.

*G. B. Walker* and *H. B. Moss,* for plaintiff in error.

*J. P. Brooke,* contra.

ATKINSON, J. J. N. McClure made certain advances of money to James O. Cotton, and received from him a deed absolute in form, but intended only as security. The amount secured was for money advanced and for a certain pre-existing debt which James O. Cotton owed to the plaintiff. Upon default, suit was instituted and judgment obtained and execution issued. The property was reconveyed to the defendant in fi. fa. by a deed duly recorded, and the execution levied. Jackson Cotton interposed a claim, and afterwards filed an equitable amendment in aid of his claim. On the trial the judge directed a verdict finding the property subject, and the defendant excepted.

1. Error was assigned for the reason, among others, that the evidence was not of such character as to authorize the judge to direct a verdict. The plaintiff assumed the burden of proof. He introduced his fi. fa. and levy, and a complete chain of deeds, absolute in form, from the claimant down to the defendant in fi. fa. As against the claimant this was sufficient to show title in the defendant, but there was other evidence tending to show that the claimant had never conveyed nor consented to a conveyance, except as security for a debt, thus leaving an equity in him as against any person affected with notice of the character of the deeds. Also, that the deed from the defendant in fi. fa. to plaintiff included a certain amount for which the claimant was in no sense liable. In other words, there was evidence from which the jury would have been authorized to find that the demand of the plaintiff in fi. fa. was made up in part of a debt which, though owing by the defendant in fi. fa., was not included in the consideration of any deed which the claimant had executed or had authorized. There was also evidence from which the jury might have found that the plaintiff in

fi. fa. had notice of the claimant's alleged equity at the time he made the advancements to the defendant in fi. fa. and accepted the deed from him.    As the case will go back for another trial, we will not discuss the evidence further; but under the pleadings and all of the evidence, we do not think it is a proper case for the direction of a verdict.

2.    Other assignments of error related to questions which will not likely arise on another trial, and we will not make any ruling with reference to them.

<div align="center">

*Judgment reversed.    All the Justices concur.*